UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :   **ORDER**
v.                                :
                                  :   14 CR 701 (VB)
SAMUEL TERWILLIGER,               :
              Defendant.          :
--------------------------------------------------------------x

By motion dated September 1, 2021, defendant Samuel Terwilliger seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), principally because he claims to be at risk of severe complications from COVID-19 if he were to contract the disease. The government has opposed the motion.

For the reasons set forth below, the motion is DENIED.

Over a several week period in August and September 2013, Terwilliger engaged in a concerted effort to persuade someone he believed to be a 13-year-old girl to come live with him and have his baby.[1] Terwilliger was 24 years old at the time. He repeatedly solicited the "girl" to send him pictures of her naked body. He also graphically described certain sex acts he wanted to engage in with the "girl," including sex acts involving both Terwilliger and his girlfriend. When confronted about this, Terwilliger admitted engaging in these conversations and also admitted that in October 2013 he had engaged in sexual intercourse with a 15-year-old girl while his girlfriend watched. Ultimately, Terwilliger pleaded guilty to attempting to persuade, induce, and entice an underage girl to engage in sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b). As a result, the applicable sentencing range under the Guidelines was 235 to 293 months' imprisonment, including a mandatory minimum sentence of 120 months' imprisonment.

At sentencing on August 4, 2015, the Court downwardly varied from the applicable Guidelines range because Terwilliger had not actually engaged in sex with the 13-year-old "girl"; he had no prior criminal record; there was no evidence his sexual encounter with the 15-year-old girl involved actual force or violence; and there were several aspects of the applicable Guidelines enhancements that, to some extent, artificially inflated the sentencing range. Also, Terwilliger had a documented history of emotional and mental health problems since he was a child. Nevertheless, after careful consideration of all the factors set forth in 18 U.S.C. § 3553(a), the Court determined that a lengthy jail sentence—144 months' imprisonment—was appropriate, finding that the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

Terwilliger has been detained since his arrest on April 10, 2014. Thus, he has served approximately 91 months of his 144-month jail sentence, or about 63% of the sentence imposed.

---

[1] The "girl" was actually an undercover FBI agent.

1

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[2] In the instant motion, Terwilliger argues he is at risk of contracting COVID-19 in prison and that, because he is severely obese, he is vulnerable to severe illness if he does so.

For the following reasons, the Court finds Terwilliger has not demonstrated extraordinary and compelling reasons warranting a reduction of his lawfully imposed prison sentence, and that even if he did, consideration of the Section 3553(a) factors counsels strongly against his early release.

First, although Terwilliger's medical records reflect that he is obese, Terwilliger was offered and declined the highly effective COVID vaccine in March 2021. He now says he is on a waiting list for the vaccine. Either he will receive the vaccine, in which case his risk of serious illness will be extremely low notwithstanding his obesity, or he will refuse the vaccine, in which case he cannot plausibly complain about the risk of contracting and becoming seriously ill from the disease.

Second, Terwilliger's Bureau of Prisons ("BOP") medical records reflect that he tested positive for COVID-19 on December 31, 2020, and thereafter recovered. As such, Terwilliger's risk of re-infection, while not zero, is low.

Third, there are currently only three active cases of COVID-19 among the approximately 2,800 inmates at FCI Fort Dix, where Terwilliger is housed, see BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Nov. 1, 2021), and a large majority of the inmates have been fully vaccinated, see BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last visited Nov. 1, 2021). Thus, it appears FCI Fort Dix has done an adequate job of responding to the pandemic.

Finally, and importantly, Section 3582(c)(1)(A) mandates that the Court consider the Section 3553(a) factors "to the extent that they are applicable." The Court has done so here. The extremely serious nature of Terwilliger's offense—a concerted effort to persuade, induce, and entice an underage girl to engage in sexual activity for which a person can be charged with a criminal offense—committed at about the same time he engaged in sexual intercourse with a 15-year-old girl, warranted a 144-month prison sentence at the time it was imposed. Indeed, the sentence (which represents a very significant downward variance from the applicable Guidelines range) was designed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, as well as to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. The sentencing factors that

---

[2] Section 3582(c)(1)(A) also requires the exhaustion of administrative remedies before filing a motion with the Court. Terwilliger says that on March 23, 2021, he filed a request with the warden at FCI Fort Dix, a copy of which he attached to his motion, that the BOP make a sentence reduction motion on this behalf, and that the warden never responded. The government says no such request was ever received by the warden. On this record, the Court cannot find that Terwilliger has not demonstrated exhaustion. Accordingly, the Court will decide the motion on the merits.

supported the sentence at the time it was imposed weigh strongly against Terwilliger's early release.

Accordingly, defendant Samuel Terwilliger's motion for a reduction of sentence is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Samuel Terwilliger, Reg. No. 70921-054
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ  08640

Dated: November 1, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge